TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Barry Roth*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Barry Roth, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Medical Data Systems, Inc. a Florida corporation, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, BARRY ROTH, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Queen Valley, Pinal County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Medical Data Systems, Inc., which is a Florida corporation that maintains a registered agent in the City of Phoenix, in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt with account number 1122200132 ("the Debt") allegedly owed by Plaintiff to Mountain Vista Medical Center in the amount of $223.45.

6. Mr. Roth does not owe the alleged debt as it was discharged in his Chapter 7 Bankruptcy.

7. On or about January 18, 2012, Mr. Roth filed Chapter 7 Bankruptcy. He included the Debt in his bankruptcy filing.

8. On May 15, 2012, Mr. Roth's Chapter 7 Bankruptcy was discharged.

9. On or about September 15, 2015, Mr. Roth obtained his Experian and Trans Union credit files and noticed that Defendant reported the alleged Debt. However, Defendant reported the alleged Debt as included in his bankruptcy filing.

10. On or about October 9, 2015, Mr. Roth obtained his Equifax credit file and noticed that Defendant also reported the alleged Debt on his Equifax credit file as included in his bankruptcy filing.

11. On or about January 18, 2016, Mr. Roth submitted a letter to Defendant, indicating that he disputed the alleged Debt.

12. On or about February 2, 2016, Mr. Roth received a response from Defendant. It stated that there was a balance due in the amount of $223.45. Defendant attempted to collect on the alleged debt, which had been discharged. Defendant stated, "Should you have any questions regarding this account or if you wish to discuss payment arrangements, please feel free to contact us at the number listed below. We look forward to helping you resolve this matter."

13. Attached to Defendant's letter was an itemized billing statement, which showed that the hospital admission date was 08/10/11 and the discharge date was 08/11/11, thus confirming that the alleged Debt was included in his bankruptcy filing since the alleged Debt was incurred prior to Plaintiff's filing bankruptcy.

## COUNT I-VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant did this when it sent Mr. Roth a letter attempting to collect a debt that was discharged through Plaintiff's bankruptcy.

b. 15 U.S.C. §1692f(1) by collecting on an amount not owed.

19. The Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

### DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 31, 2016

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Barry Roth

5